Lynn Hubbard III, SBN 69773
Scottlynn J Hubbard IV, SBN 212970
Law Offices of Lynn Hubbard
12 Williamsburg Lane
Chico, Calif. 95926
(530) 895-3252

Attorneys for the Plaintiff Matt Strong

United States District Court

Southern District of California

| | | |
|---|---|---|
| Matt Strong, | ) | Case No. 08CV0901 BEN (RBB) |
| | ) | |
| Plaintiff, | ) | **Plaintiff's Response To OSC** |
| | ) | |
| vs. | ) | |
| | ) | |
| UNS, Inc. dba Long John Silver's; | ) | |
| San Diego Mart Associates, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| _____ | ) | |

1

**Order to Show Cause**

On May 23, 2008, this Court issued an Order to Show Cause as to why "sanctions should not be imposed on Plaintiff's attorneys for disobeying the Court's prior order in 06CV1035-BEN (AJB) and failing to include the dates of alleged violations in any new complaints file with the Southern District California after February 29, 2008..."  The February 29, 2008 order in question, originated from the case of *Wilson v. Kayo Oil Company dba Circle K #5250; et al.* Case No. 06CV1035-BEN (AJB), and stated that:

> Plaintiff and his attorneys are cautioned, however, to cease the vexatious practices and to take steps to ensure further lawsuits are prosecuted in good faith.  *They are further ordered to include the dates of the alleged violations when filing ADA complaints with this Court, thus reducing unnecessary burden on the Court and on the defendants*.

*Ibid.*, p.16 (emphasis added).  Based on this OSC, it appears that this Court feels that its February 29, 2008 Order is being ignored and it wants to know why.

**Response**

Wilson and his counsel were under the impression that the phrase, "when filing ADA complaints with this Court," meant exactly that.  Put more succinctly, when a case has been filed with *this* Court – *i.e.*, the Honorable Judge Benitez presiding – then dates of alleged violations must be included in the complaint.  At no time did Wilson or his counsel – *viz.*, Lynn Hubbard and Scottlynn Hubbard – understand the order to bind *all courts in the Southern District* (and the different presiding judges of those courts) to this requirement,[1] nor is such an interpretation obvious from the plain reading of the order.  If this was the Court's intention, plaintiff and his counsel would ask the Court to clarify the point, and consider that

---

[1]    Our interpretation is shared by many of the Circuit Judges of the Ninth Circuit.  *E.g., Molski v. Evergreen Dynasty Corp.*, 521 F.3d 1215, 1221-1222 (9th Cir. Cal. 2008).

1  not every district judge may agree with this Court's view. *See, e.g.*, *United States*
2  *v. McGee*, 993 F2d 184, 187 (9th Cir. 1993), *citing* Fed. R. Civ. P. 8(c), *and*
3  *United States v. Gurley*, 415 F.2d 144, 147 (9th Cir. 1969) ("[T]he running of a
4  statute of limitations is an affirmative defense that must be pleaded and proved by
5  a [defendant] . . . The [plaintiff] is not required to plead on the subject of an
6  anticipated affirmative defense."); *Jones v. Bock*, 127 S. Ct. 910, 920 (2007)
7  (Even though "the complaint is subject to dismissal for failure to state a claim"
8  because the "allegations . . . show that relief is barred by the applicable statute of
9  limitations, . . . that does not make the statute of limitations any less an affirmative
10  defense."); *Johnson v. Aljian*, 490 F.3d 778, 783, N.13 (9th Cir. 2007 (same).
11  Turning to the complaint in this instant matter, plaintiff and his counsel did not
12  know which district judge would be assigned to our case when the complaint was
13  filed.  To address this uncertainty, our office has implemented a policy whereby
14  the complaint in every case assigned to the Honorable Judge Benitez will be
15  amended under Rule 15(a) to include a date of incident *after we learn of the*
16  *assignment but before the complaint is served.*  We were unable to implement our
17  policy in this case because the Court issued its OSC before we learned of the
18  assignment to the Honorable Judge Benitez (*i.e.*, within 72 hours of filing).
19  Obviously, if we had known that the instant matter would be assigned to the
20  Honorable Judge Benitez, then dates of alleged visits would have been included.

### Conclusion

22          Boiled to its essence, while we disagree with the Court's interpretation of
23  Rule 8(a), and believe it violates well-established Ninth Circuit and Supreme
24  Court precedent, plaintiff and his counsel can immediately file an amended
25  complaint containing the dates of the alleged violations.  Notwithstanding this
26  offer, we would respectfully request clarification as to the points discussed above.

*Strong v. UNS, et al*, Case No.  08CV0910 BEN (RBB)
Plaintiffs' Response to OSC

1    Dated: May 25, 2008              LAW OFFICES OF LYNN HUBBARD

2

3                                      /s/ Lynn Hubbard III, esq.              /

4                                     LYNN HUBBARD III
                                      Attorney for Matt Strong
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## __PROOF OF SERVICE__

2

STATE OF CALIFORNIA, COUNTY OF BUTTE

3

4

     I, Lynn Hubbard, III, am over the age of 18 years and not a party to the within action; my business address is 12 Williamsburg Lane, Chico, Butte County, California 95926.

5

On May 27, 2008, I caused the document(s) described as:

6

7

**Plaintiff's Response to OSC**

8

9

to be served on the parties in case number 08cv901 BEN (RBB) as follows:

10

11

    *On all parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above referenced case caption.*

12

13

    The following is a procedure in which service of this document was effected:

14

15

(xx )  ELECTRONIC FILING – I caused a true copy of the above referenced document to be filed by Notice of Electronic Filing generated by the Court's CM/ECF filing system, pursuant to the Court's Local Rules, to the addressee or addresses listed above.

16

17

18

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

DATED: May 27, 2008       /s/ Lynn Hubbard, III
                         Lynn Hubbard

20

21

22

23

24

25

26

27

28