1 | LYNN HUBBARD, III, SBN 69773
2 | SCOTTLYNN J HUBBARD, IV, SBN 212970
**DISABLED ADVOCACY GROUP, APLC**
3 | 12 Williamsburg Lane
Chico, CA 95926
4 | Telephone: (530) 895-3252
Facsimile: (530) 894-8244
5 |
6 | Attorneys for Plaintiff
7 |
8 |
UNITED STATES DISTRICT COURT
9 |
SOUTHERN DISTRICT OF CALIFORNIA
10 |
11 |
12 |
13 | MATT STRONG,                        ) Case No. 08cv0901 BEN (RBB)
                                         )
14 |        Plaintiff,                   )
                                         ) **Plaintiff's First Amended**
15 |     vs.                             ) **Complaint**
                                         )
16 | UNS, INC. dba LONG JOHN             )
17 | SILVER'S; SAN DIEGO MART            )
ASSOCIATES,                             )
18 |                                     )
        Defendants.                     )
19 | _____ )
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

*Strong v. UNS, Inc. dba Long John Silver's, et al.*
**Plaintiff's First Amended Complaint**

# I. SUMMARY

1.    This is a civil rights action by plaintiff Matt Strong ("Strong") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Long John Silver's
270 Fletcher Parkway
El Cajon, CA 92020
(hereafter "the Restaurant")

2.    Strong seeks damages, injunctive and declaratory relief, attorney fees and costs, against UNS, Inc. dba Long John Silver's and San Diego Mart Associates (collectively "Long John Silver's") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

# II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    Strong's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7.    Long John Silver's owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, or corporation.

*Strong v. UNS, Inc. dba Long John Silver's, et al.*
**Plaintiff's First Amended Complaint**

8.    Strong is a C-5 quadriplegic, is unable to walk or stand and requires the use of a wheelchair when traveling about in public.  Consequently, Strong is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

V. FACTS

9.    The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    Strong has documented visits to the restaurant on April 25, 2008 and April 28, 2008.

11.    During these (and other undocumented visits), Strong encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.  To the extent known by Strong, the barriers at the Long John Silver's included, but are not limited to, the following:

- There is a built up curb ramp that encroaches into the access aisle, thereby causing the slope and cross slope of said aisle to exceed 2.0%;
- There is no van accessible parking space;
- The tow away signage posted in not correct;
- There is no International Symbol of Accessibility mounted at the entrance door;
- The order and service counter is too high and does not have a portion lowered for the use of a patron in a wheelchair;
- There is no seating designated as being accessible to the disabled;
- There is no disabled seating;
- The toilet tissue dispenser is mounted too high and above the grab bar;
- The leading edge of the toilet tissue dispenser is mounted more than 24 inches from the front of the water closet;

*Strong v. UNS, Inc. dba Long John Silver's, et al.*
**Plaintiff's First Amended Complaint**

- The toilet tissue dispenser is an obstruction to the use of the side grab bar;
- The flush valve is not located on the wide side of the water closet;
- The side grab bar is too short;
- The paper towel dispenser is mounted at more than 40 inches from the floor;
- The pipes underneath the lavatory are improperly and/or not completely wrapped; and,
- The trash receptacle is an obstruction to the use of the lavatory.

These barriers prevented Strong from enjoying full and equal access.

12.    Strong was also deterred from visiting the Restaurant because he knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

13.    Strong also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to his disability. Nothing within this Complaint, however, should be construed as an allegation that Strong is seeking to remove barriers unrelated to his disability.

14.    Long John Silver's knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Long John Silver's has the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the Restaurant accessible to the physically disabled.  To date, however, Long John Silver's refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

15.    At all relevant times, Long John Silver's has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act

*Strong v. UNS, Inc. dba Long John Silver's, et al.*
**Plaintiff's First Amended Complaint**

Page 4

1  Accessibility Guidelines and Title 24 regulations.  Long John Silver's has not
2  removed such impediments and has not modified the Restaurant to conform to
3  accessibility standards.   Long John Silver's has intentionally maintained the
4  Restaurant in its current condition and has intentionally refrained from altering
5  the Restaurant so that it complies with the accessibility standards.

6      16.    Strong further alleges that the (continued) presence of barriers at the
7  Restaurant is so obvious as to establish Long John Silvers' discriminatory intent.[1]
8  On information and belief, Strong avers that evidence of this discriminatory
9  intent includes Long John Silvers' refusal to adhere to relevant building
10 standards; disregard for the building plans and permits issued for the Restaurant;
11 conscientious decision to the architectural layout (as it currently exists) at the
12 Restaurant; decision not to remove barriers from the Restaurant; and allowance
13 that the Restaurant continues to exist in its non-compliant state.  Strong further
14 alleges, on information and belief, that Long John Silver's is not in the midst of a
15 remodel, and that the barriers present at the Restaurant are not isolated (or
16 temporary) interruptions in access due to maintenance or repairs.[2]

17              ## VI. FIRST CLAIM

18          **Americans with Disabilities Act of 1990**

19          Denial of "Full and Equal" Enjoyment and Use

20     17.    Strong incorporates the allegations contained in paragraphs 1
21 through 15 for this claim.

22     18.    Title III of the ADA holds as a "general rule" that no individual shall
23 be discriminated against on the basis of disability in the full and equal enjoyment
24 (or use) of goods, services, facilities, privileges, and accommodations offered by
25 any person who owns, operates, or leases a place of public accommodation. 42
26 U.S.C. § 12182(a).

27

28

---

[1]  E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[2]  Id.; 28 C.F.R. § 36.211(b)

*Strong v. UNS, Inc. dba Long John Silver's, et al.*
**Plaintiff's First Amended Complaint**

19.   Long John Silver's discriminated against Strong by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

20.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

21.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

22.   Here, Strong alleges that Long John Silver's can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that Long John Silver's violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

23.   In the alternative, if it was not "readily achievable" for Long John Silver's to remove the Restaurant's barriers, then Long John Silver's violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

24.   On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

25.   The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by,

*Strong v. UNS, Inc. dba Long John Silver's, et al.*
**Plaintiff's First Amended Complaint**

Page 6

1  individuals with disabilities when it was structurally practicable to do so. 42
2  U.S.C. § 12183(a)(1).

3      26.    Here, Long John Silver's violated the ADA by designing or
4  constructing (or both) the Restaurant in a manner that was not readily accessible
5  to the physically disabled public—including Strong—when it was structurally
6  practical to do so.[3]

7                 Failure to Make an Altered Facility Accessible

8      27.    On information and belief, the Restaurant was modified after
9  January 26, 1992, independently triggering access requirements under the ADA.

10     28.    The ADA also requires that facilities altered in a manner that affects
11  (or could affect) its usability must be made readily accessible to individuals with
12  disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an
13  area that contains a facility's primary function also requires adding making the
14  paths of travel, bathrooms, telephones, and drinking fountains serving that area
15  accessible to the maximum extent feasible. Id.

16     29.    Here, Long John Silver's altered the Restaurant in a manner that
17  violated the ADA and was not readily accessible to the physically disabled
18  public—including Strong—to the maximum extent feasible.

19              Failure to Modify Existing Policies and Procedures

20     30.    The ADA also requires reasonable modifications in policies,
21  practices, or procedures, when necessary to afford such goods, services, facilities,
22  or accommodations to individuals with disabilities, unless the entity can
23  demonstrate that making such modifications would fundamentally alter their
24  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

25     31.    Here, Long John Silver's violated the ADA by failing to make
26  reasonable modifications in policies, practices, or procedures at the Restaurant,

27

28  _____
[3]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
    private attorney general under either state or federal statutes.
    *Strong v. UNS, Inc. dba Long John Silver's, et al.*
    **Plaintiff's First Amended Complaint**
                          Page 7

when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

32.    Strong seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

33.    Strong also seeks a finding from this Court (*i.e.,* declaratory relief) that Long John Silver's violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

### Disabled Persons Act

34.    Strong incorporates the allegations contained in paragraphs 1 through 30 for this claim.

35.    California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

36.    California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

37.    Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

38.    Here, Long John Silver's discriminated against the physically disabled public—including Strong—by denying them full and equal access to the Restaurant.  Long John Silver's also violated Strong's rights under the ADA, and, therefore, infringed upon or violated (or both) Strong's rights under the Disabled Persons Act.

*Strong v. UNS, Inc. dba Long John Silver's, et al.*
**Plaintiff's First Amended Complaint**

39.    <u>For each offense</u> of the Disabled Persons Act, Strong seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

40.    He also seeks to enjoin Long John Silver's from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

VIII. THIRD CLAIM

**Unruh Civil Rights Act**

41.    Strong incorporates the allegations contained in paragraphs 1 through 30 for this claim.

42.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

43.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

44.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

45.    Long John Silvers' aforementioned acts and omissions denied the physically disabled public—including Strong—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

46.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Strong by violating the Unruh Act.

*Strong v. UNS, Inc. dba Long John Silver's, et al.*
**Plaintiff's First Amended Complaint**

47.    Strong was damaged by Long John Silvers' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

48.    Strong also seeks to enjoin Long John Silver's from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

49.    Strong incorporates the allegations contained in paragraphs 1 through 13 for this claim.

50.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

51.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

52.    Strong alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

53.    Long John Silvers' non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Strong and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Strong prays judgment against Long John Silver's for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

*Strong v. UNS, Inc. dba Long John Silver's, et al.*
**Plaintiff's First Amended Complaint**

2.     Declaratory relief that Long John Silver's violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.     Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.     Attorneys' fees, litigation expenses, and costs of suit.[4]

5.     Interest at the legal rate from the date of the filing of this action.


DATED: May 28, 2008              DISABLED ADVOCACY GROUP, APLC


                                 */s/ Lynn Hubbard, III, Esquire*
                                 LYNN HUBBARD, III
                                 Attorney for Plaintiff

---

[4]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

**Strong v. UNS, Inc. dba Long John Silver's, et al.**
**Plaintiff's First Amended Complaint**

Page 11